UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------

FRANK GAUDIOSO,

    Plaintiff,

vs.                                **COMPLAINT**

ENLARGED CITY SCHOOL
DISTRICT OF NEWBURGH.

    Defendant.

-----------------------------------------------x

**06 CIV. 4111**

**Judge McMahon**

### PARTIES

1. Plaintiff, Frank Gaudioso, is a resident of the Town of Newburgh within this judicial district.

2. Plaintiff is of legal age, legally blind and disabled within the meaning of the Americans with Disabilities Act, 42 U.S.C. sec. 12111, **et seq.**

3. Defendant Enlarged City School District of Newburgh is a municipal corporation organized to do business within the State of New York and situate within this judicial district.

### II. JURISDICTION

4. Plaintiff timely filed a complaint with the EEOC alleging that defendant violated the ADA in or about September 2005. See, Exhibit 1.

5. On April 29, 2006, plaintiff received a right to sue letter with respect to

his initial Complaint. <u>See</u>, Exhibit 2.

6. As plaintiff claims that defendant violated rights extended to him by federal law, this Honorable Court has jurisdiction of this matter pursuant to 28 U.S.C. secs. 1331, 1343 (3) & (4) and with respect to his supplemental state claims, pursuant to 28 U.S.C. sec. 1367. This Honorable Court also has jurisdiction pursuant to the ADA itself and 42 U.S.C. sec. 1988.

III. **FACTUAL ALLEGATIONS**

7. Plaintiff has been legally blind since he was 16 years of age.

8. In or about 1990-91, defendant hired plaintiff as a teacher.

9. Between 1991-2005, plaintiff successfully performed the functions of a teacher and a coach for defendant.

10. In or about 2004, the State Education Department advised the parties that plaintiff was not properly certified.

11. Upon information and belief, the State Education Department provided defendant with similar advice concerning a substantial number of persons then acting as teachers in its schools.

12. Despite substantial effort, by the established deadline, plaintiff was unable to obtain state certification.

13. Accordingly, in or around June 2005, defendant terminated plaintiff as a teacher, though it retained his services as a coach.

14. Likewise, defendant terminated the services of a number of other individuals who were then teaching, but had failed to obtain their certificates in a manner deemed timely by the NY State Education Department.

15. In or around September 2005, plaintiff learned that defendant had re-hired at least five of the teachers previously terminated due to their lack of certifications though none had yet been properly certified.

16. Plaintiff sought re-instatement at the same time, but defendant denied him the same consideration as the other teachers referenced in paragraph 15.

17. None of the other teachers so re-hired was disabled as defined by federal and state law.

18. By engaging in this disparate treatment, defendant discriminated against plaintiff on the basis of his disability.

19. At the time he confronted school district officials concerning this disparity in treatment, plaintiff was slated to coach girls' softball at the Newburgh Free Academy for the 05-06 season.

20. Plaintiff had long been a successful coach, winning Coach of the Year designation in 2003.

21. Rather than allow plaintiff to coach this team and as an act of retaliation for his having filed a complaint of disability act discrimination against it, defendant refused to allow plaintiff to fulfill this role and hired one of his former

assistants as head coach.

22. In addition to the loss of income occasioned by this retaliation, plaintiff lost the chance to coach his daughter, then a senior in high school and a member of the softball team.

23. By these actions, plaintiff has suffered actual economic loss, as well as severe depression, anxiety and distress.

**CAUSES OF ACTION**

24. Plaintiff incorporates paras. 1-23 as if fully incorporated herein.

25. By discriminating against plaintiff on the basis of his disability, defendant violated both the Americans with Disabilities Act and section 296 of the Executive Law of the State of New York.

26. By retaliating against plaintiff for his having filed a complaint of Disability Act discrimination, defendant has further violated non-retaliation provisions of both federal and state law.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Honorable Court:

a) accept jurisdiction over this matter;

b) empanel a jury to hear and decide all disputed issues of fact;

c) require defendant to pay compensatory and punitive damages to plaintiff as permitted by law;

d) order defendant to re-instate plaintiff and treat him in the same manner it treated similarly-situated non-disabled persons;

e) order defendant to pay the reasonably incurred litigation costs and attorneys fees arising from prosecution of this matter and

f) enter any other order the interests of justice may require.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

Law Offices of Michael H. Sussman
PO Box 1005
Goshen, New York 10924
(845)-294-3991

Counsel for Plaintiff

Dated: May 25, 2006

# EXHIBIT 1



**STATE OF NEW YORK**
**EXECUTIVE DEPARTMENT**
# DIVISION OF HUMAN RIGHTS
**8 JOHN WALSH BOULEVARD, SUITE 204**
**PEEKSKILL, NEW YORK 10566**

(914) 788-8050
Fax: (914) 788-8059
www.nysdhr.com

**GEORGE E. PATAKI**
**GOVERNOR**

September 12, 2005

**MICHELLE CHENEY DONALDSON**
**COMMISSIONER**

Frank Gaudioso
19 Serenity Lane
Newburgh, NY 12550
(845) 564-9646

Re: Frank Gaudioso v. Newburgh Enlarged City School District
    SDHR Case No. 10107745

Dear Frank Gaudioso:

Please be advised that this office has received your verified complaint and it is now part of the Division's case load. The Division, except for critical exceptions, investigates complaints chronologically by date of filing. Your filing date is 9/12/2005.

You will be contacted by the Human Rights Specialist assigned to your case when the active investigation of your complaint begins.

Please notify us immediately of any change in your address and telephone number should you move. A form is enclosed for this purpose.

To protect your rights, it is essential that the Division be advised promptly at all times of any change of address.

Thank you for your cooperation.

Very truly yours,

*Margaret G. King*

Margaret G. King
Regional Director

STATE OF NEW YORK
DIVISION OF HUMAN RIGHTS

## DO NOT JEOPARDIZE YOUR RIGHTS. COMPLETE AND RETURN THIS FORM TO THE REGIONAL OFFICE IF YOU MOVE.

Return to:
NYS Division Of Human Rights
Peekskill Regional Office
8 John Walsh Boulevard, Suite 204
Peekskill, New York 10566

PLEASE PRINT

Re:   Frank Gaudioso v. Newburgh Enlarged City School District
      SDHR NO: 10107745

COMPLAINANT'S NAME: Frank Gaudioso

New name, address, and/or telephone:

NAME: _____

ADDRESS: _____

_____

TELEPHONE NO: _____

DAYTIME/OTHER TELEPHONE NO: _____

I WILL BE AT MY NEW ADDRESS ON OR AFTER: _____

Please indicate below the name, address, and telephone number of a person who may be contacted and will know your whereabouts if the Division cannot locate you:

_____

_____

_____

_____

_____        _____
Date                           Complainant's Signature

STATE DIVISION OF HUMAN RIGHTS
STATE OF NEW YORK : EXECUTIVE DEPARTMENT

---

| | |
|---|---|
| STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>FRANK GAUDIOSO<br>            Complainant<br>       v.<br><br>NEWBURGH ENLARGED CITY SCHOOL DISTRICT<br>            Respondent | VERIFIED COMPLAINT<br>Pursuant to Executive Law, Article 15<br><br>Case No.<br>**10107745** |

Federal Charge No. 16GA505034

   I, Frank Gaudioso, residing at 19 Serenity Lane, Newburgh, NY, 12550, charge the above named respondent, whose address is 124 Grand Street, Newburgh, NY, 12550 with an unlawful discriminatory practice relating to employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of disability.

   Date most recent or continuing discrimination took place is 8/30/2005.

   The particulars are:

   1.  (SEE ATTACHED COMPLAINT TAKEN AT THE ORANGE COUNTY HUMAN RIGHTS COMMISSION).


Based on the foregoing, I charge respondent with an unlawful discriminatory practice relating to employment because of disability, in violation of the New York State Human Rights Law (Executive Law, Article 15), Section 296.

I also charge the above-named respondent with violating the Americans with Disabilities Act (ADA) (covers disability relating to employment). I hereby authorize SDHR to accept this verified complaint on behalf of the U.S. Equal Employment Opportunity Commission (EEOC) subject to the statutory limitations contained in the aforementioned law(s).

Page 1 of 2

NEW YORK: EXECUTIVE DEPARTMENT
DIVISION OF HUMAN RIGHTS

EXEC. LAW ART. 15
SDHR COMPLAINT No.

(State Division of Human Rights on the Complaint of)

FRANK GAUDIOSO          Complainant

- against –

NEWBURGH ENLARGED CITY SCHOOL
DISTRICT BOARD OF EDUCATION
                                        Respondent

10107745

ADA   EEOC CHARGE NO:     16GA5-05034

I,     FRANK GAUDIOSO

Residing at     19 Serenity Lane, Newburgh, New York 12550

Tel. No.  (845) 564-9646     charge the above named

Respondent (s) whose address is     124 Grand Street, Newburgh, NY 12550

Tel. No.  (845) 563-3400

with an unlawful discriminatory practice relating to     EMPLOYMENT

in violation of Article 15 of the Executive Law of the State of New York  (Human Rights Law) because of Race ( ) Color ( ) National Origin ( ) Creed ( ) Age ( ) Sex ( ) Disability ( X ) Marital Status ( ) Arrest Record (s) ( ) Criminal Conviction (s) ( ) Retaliation ( )

Date most recent or continuing discrimination took place     August 30, 2005
                                                              (month, date, year)

The particulars are:

1. I have an impairment that is a disability within the meaning of the Human Rights Law. I am legally blind.

2. I have worked for the Respondent since 1990. I was employed as a physical education teacher at North Junior High School.

3. I was replaced on August 30, 2005 because I do not have my permanent certification in physical education. I was one of 125 teachers who were informed by the school district in 2004 that we would lose our jobs if we did not obtain our permanent certifications within a ten-month period.

4. While I completed and passed the course work required for certification in physical education, I did not pass one of the tests given on June 25, 2005. It will not be offered again until mid-October. Because of my loss of sight, I have more difficulty taking tests than a sighted person. On my behalf, the office of State Senator William J. Larkin, Jr. asked the school superintendent to accommodate my disability and allow me additional time to complete the testing requirements. The request was denied.

5. I know that the Respondent employs other teachers who do not have their permanent certifications.

6. Based on the foregoing, I charge the respondent with an unlawful discriminatory practice related to employment by denying me equal terms, conditions and privileges of employment because of my disability in violation of Section 296 of the New York State Human Rights Law.

Complaint: ADA (1 of 2)

SDHR COMPLAINT NO: 10107745
EEOC CHARGE NO: 166A505034

COMPLAINANT: _____ FRANK GAUDIOSO _____

"I have not commenced any other civil or criminal action, nor do I have an action pending before any administrative agency under any other law of this state based upon this same unlawful discriminatory practice."

I also charge the above-named respondent (s) with violating the Americans With Disabilities Act (covers disability relating to employment) and hereby authorize SDHR to accept this verified complaint on behalf of EEOC subject to statutory limitations contained in the Americans With Disabilities Act.

STATE OF NEW YORK     ) ss:
COUNTY OF ORANGE      )

_____
FRANK GAUDIOSO

_FRANK GAUDIOSO_____, being duly sworn, deposes and says: that he/she is the complainant herein; that he/she has read (or had to read to him/her) the foregoing complaint and knows the content thereof; that the same is true of his /her own knowledge except as to the matters therein stated on information and belief; and that as to those matters, he/she believes the same to be true.

Subscribed and sworn to before me
this 6 7H day of September, 2005

_Susan K. Varden_____
Signature of Notary Public

_____
FRANK GAUDIOSO

Complaint: ADA (2 of 2)

SUSAN K. VARDEN
Notary Public, State of New York
No. 4806115
Residing in Orange County
Commission expires March 30, 7/31/06

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

Frank Gaudioso
19 Serenity Lane
Newburgh, NY 12550

EEOC Charge Number: 16GA505034
NYSDHR Case Number: 10107745

### NOTICE

This office has been informed that you filed a complaint of employment discrimination with the New York State Division of Human Rights (NYSDHR). The purpose of this notice is to inform you of your federal rights pursuant to one or more of the statutes under which you may have filed. Please be advised that your complaint will be investigated by the New York State Division of Human Rights, not the Federal Equal Employment Opportunity Commission (EEOC). All questions, correspondence and status reports with regard to your case must be directed to the New York State Division of Human Rights office where your complaint was filed.

**YOUR FEDERAL RIGHTS** (if you filed under):

[ ] Title VII of the Civil Rights Act of 1964, as amended — If you want to file a <u>private</u> lawsuit in federal district court with your <u>own private attorney</u> because you <u>do not</u> want the New York State Division of Human Rights to conduct an investigation, you may request from the EEOC a Notice of Right to Sue, <u>180 days after you have filed your complaint.</u> Once the EEOC grants your request, it is only valid for ninety (90) days from the date the Notice was issued, after which your time to sue expires. If you want the New York State Division of Human Rights to conduct an investigation, you do not need to make this request, or to contact or write either agency. The New York State Division of Human Rights will contact you and/or advise you in the near future of their investigation and determination findings.

[X] The Americans with Disabilities Act of 1990 (ADA) — Same as Title VII, above.

[ ] The Age Discrimination in Employment Act of 1967, as amended (ADEA) — If you want to file a <u>private</u> lawsuit with your <u>own private attorney</u>, you could do so any time after 60 days from the date you filed your complaint with the New York State Division of Human Rights. This is only if you do not want the New York State Division of Human Rights to conduct an investigation, otherwise you do not need to do anything at this time. The New York State Division of Human Rights will contact you and/or advise you in the near future of their investigation and determination findings.

Date: September 12, 2005

Page 1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

## EEOC REVIEW PROCEDURE

If you want the EEOC to review the New York State Division of Human Rights final determination, because you are not satisfied with their final findings, you may request that the EEOC conduct a substantial weight review. This request must be done in writing to the EEOC and within <u>fifteen (15) days</u> from the date you received the New York State Division of Human Rights final determination. Otherwise, we will adopt the state findings.

You review request must specify the reason(s) why you do not agree with the New York State Division of Human Rights final determination.

Mail your request for substantial weight review to:

Equal Employment Opportunity Commission
Attn: State and Local Unit
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

This address is for review purposes only. Remember, if you have questions concerning the status of your case, you must contact the New York State Division of Human Rights.

Date: September 12, 2005

Addendum to REBUTTAL sent to Margaret G. King, Regional Director
State of New York, Executive Department, Division of Human Rights, dated 12/29/2005

February 9, 2006

Re: Gaudiosos V. Newburgh Enlarged City School District;
    SDHR Case No. 10107745

A.
   3. The Respondent continues to employ several of those numbered individuals who were allegedly terminated due to lack of certification.... I am attaching Resolution #071205 R (Revised), a list of all teachers that "resigned"; of that list, five continue to work, even though they have not met requirements for certification. Their resignations were accepted along with mine June 30, 2005. The teachers who are still teaching: Henry Costanbel, III, Esther Kennedy, Lolita Lewis, Francisco Nunuvero, and Hilda Velez. Others teaching without certification: John Antinori – special assignment as administrator at NFA; Joe Catania – computers, Horizon on Hudson; Judith Hernandez – foreign language, certified only in elementary education, not bilingual; Inex Gravasamande – bilingual, not certified bilingual.

   4. I was recommended by Chris Townsend, Athletic Director, and Mr. Copeletti, Principal of NFA for re-employment as Girls' Softball Head Coach. I was informed on 1/27/06 that I had been recommended and that there would be a vote on 2/21/06 at the regular School Board meeting. I have been told that the Board members and Central Office Administration, however, demanded spring recommendations immediately. I was voted out (denied the position) in an Executive Board meeting held on 1/31/06.

B.
   1. Why was I not informed sooner of a problem with my certification? It is my understanding that the District is informed each year by State Ed (following receipt of District BED, or Basic Education Data, forms) of how many uncertified teachers they have. The District should have known in the year 2000 of the problem with my application form for permanent certification for Physical Education from BED reporting.

   2. I was informed by certified letter, July 8, 2004, RESOLUTION #071205, by the District, that I needed to agree to do two things: a) submit an application for permanent certification for Physical Education; b) take one course (Child Abuse). It was my understanding that if I accomplished these two actions, my permanent certification would be approved and there would be no problem. I was forced to sign the letter of resignation or be fired in September 2004.

Page 2, Gaudioso Addendum to Rebuttal

3. It is my understanding that the District could have requested a quicker response in evaluation from State Education Dept. of my certification status. With the backlog from Sate Education Dept., I was not informed until January 2005 of their new requirements of four college classes, fingerprints, and three teaching examinations. It would not be possible for me to accomplish all of these by the June 30th deadline. Because of my disability, Senator William Larkin interceded on my behalf and as he states in a letter dated March 16, 2005 to Phil Cordella, Pres. NTA, "I am providing NTA with a copy in confidence that this letter [will] be sufficient evidence that SED is willing to sanction Mr. Gaudioso's continued employment with the school district beyond June 30th as he completes his certification requirements." The District was well aware of my disability and the improbability of my completing certification by the June deadline, or even by the end of summer, 2005 due to constraints of test scheduling (The tests are offered only on a few specific dates in various locations in the State).

Attachments:
    Resolution #071205 R
    Larkin letter to Cordella dated 3/16/05

## RESOLUTION #071205 R
## (REVISED)

**BE IT RESOLVED**, that upon the recommendation of Dr. Annette M. Saturnelli, Superintendent of Schools, the Board of Education of the Newburgh Enlarged City School District, hereby accepts the letter of resignation of the following Priority Site Specific Substitute teachers, effective June 30, 2005.

|    | Last Name         | First Name     | Tenure Area         | Location |
|----|-------------------|----------------|---------------------|----------|
| 1  | Bailey-Sloan      | Dervorgilla    | Mathematics, 7-12   | NJH      |
| 2  | Cardona-Melechman | Nydia          | Social Studies, 7-12| SJH      |
| 3  | Cawley            | Marian         | Social Studies, 7-12| NJH      |
| 4  | Costabel, III     | Henry          | Industrial Arts     | SJH      |
| 5  | Hallock           | Kenneth        | Mathematics, 7-12   | NJH      |
| 6  |                   |                |                     |          |
| 7  | Henriquez         | Camilo         | Foreign Language    | NFA      |
| 8  | Howard            | Valerie        | Elem. N-6           | HOH      |
| 9  | Imperial-Rogers   | Beth           | Home Economics      | NJH      |
| 10 | Kennedy           | Esther         | Foreign Language    | NFA      |
| 11 | Lewis             | Lolita         | Foreign Language    | NFA      |
| 12 | Naparstek         | Sandra         | Foreign Language    | NJH      |
| 13 |                   |                |                     |          |
| 14 | Nunuvero          | Francisco      | Science             | NFA      |
| 15 | Quiroz-Pavez      | Pia            | Foreign Language    | SJH      |
| 16 | Sharpe            | Gilbert Retired| Social Studies, 7-12| NFA      |
| 17 | Smith-Pemberton   | Joyce          | Special Education teaching health | NJH |
| 18 |                   |                |                     |          |
| 19 | Velez             | Hilda          | Foreign Language    | NFA      |
| 20 | Watkins-Somal     | Carmen         | Mathematics, 7-12   | SJH      |

*still working* (handwritten annotation)



**WILLIAM J. LARKIN, JR.**
SENATOR, 39TH DISTRICT

CHAIRMAN
MAJORITY STEERING COMMITTEE

PLEASE RESPOND TO:
☐ ROOM 612
LEGISLATIVE OFFICE BLDG
ALBANY, NY 12247
(518) 455-2770

☐ 1093 LITTLE BRITAIN ROAD
NEW WINDSOR, NY 12553
(845) 567-1270

INTERNET ADDRESS:
LARKIN@SENATE.STATE.NY.US

WEB ADDRESS:
WWW.SENATORBILLLARKIN.COM

THE SENATE
STATE OF NEW YORK

March 16, 2005

CHAIRMAN
RACING, GAMING &
WAGERING COMMITTEE

COMMITTEES
COMMERCE, ECONOMIC DEVELOPMENT
& SMALL BUSINESS
ELECTIONS
FINANCE
HEALTH
INSURANCE
TRANSPORTATION
VETERANS, HOMELAND SECURITY &
MILITARY AFFAIRS

Phil Cordella
President, Newburgh Teachers' Association
52 Pierces Rd.
Newburgh, NY 12550

Dear Mr. Cordella,

Enclosed please find a copy of my correspondence to the State Education Department (SED) and the reply I recently received from SED in relation Frank Gaudioso's teacher certification dilemma and tenuous employment with the Newburgh Enlarged City School District.

In light of Frank Gaudioso's disability and unique situation, combined with the fact that SED cannot grant him permanent or even temporary teacher certification, I am requesting that the NTA negotiate with the school district to grant an extension on Mr. Gaudioso's contract that will provide enough time in order to meet his requirements for professional certification. This suggestion has been made by SED in response to my February 18th letter on behalf of Mr. Gaudioso, and I am providing NTA with a copy in confidence that this letter with be sufficient evidence that SED is willing to sanction Mr. Gaudioso's continued employment with the school district beyond June 30th as he completes his certification requirements.

Thank you for your attention to this matter and I would appreciate you keeping me updated concerning Mr. Gaudioso's teaching situation within the Newburgh School District.

Sincerely,

Bill

William J. Larkin, Jr.
Member of Senate

WJL/mth
Enclosures

*[handwritten note: Nice to see you on Tuesday]*

MAR 16 '05 16:52

# EXHIBIT 2



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5056 1277

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

Mr. Frank Gaudioso
19 Serenity Lane
Newburgh, NY  12550

April 24, 2006

Re:  EEOC Charge Against Newburgh Enlarged City School Dist., Bd. of Education
     No. 16G200505034

Dear Mr. Gaudioso:

  Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., against the above-named respondent.

  If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires.  Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

  This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

by  *Karen J. Ferguson*
    Karen L. Ferguson
    Supervisory Civil Rights Analyst
    Employment Litigation Section

cc:  New York District Office, EEOC
     Newburgh Enlarged City School Dist., Bd. of Education