UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

FRANK GAUDIOSO,                                          **ECF CASE**

                    Plaintiff,                     06 CIV. 4111 (CM)

      -against-                                  **STATEMENT
PURSUANT TO
LOCAL RULE 56.1**

ENLARGED CITY SCHOOL
DISTRICT OF NEWBURGH

                  Defendant.

------------------------------------------------------------------------X

Pursuant to Local Civil Rule 56.1 of the Local Rules of the United States District

Courts for the Southern and Eastern Districts of New York, the moving defendant

ENLARGED CITY SCHOOL DISTRICT OF NEWBURGH, by and through its attorneys,

**RUTHERFORD & CHRISTIE**, **LLP**, submit the following statement of undisputed facts

in connection with its motion for summary judgment pursuant to Rule 56 of the Federal

Rules of Civil Procedure:

1.      The plaintiff was employed by the District as a physical education teacher from1990 until August 30, 2005.  (Diaconis Decl., Ex. I.).

2.      On August 30, 2005, the plaintiff's employment ended as his resignation was accepted for lack of certification. (Diaconis Decl., Ex. G.).

3.      Plaintiff had knowledge of the requirements for obtaining his permanent certification and knew that it was his responsibility to obtain such certification. (Diaconis Decl., Ex. D).

4.      As of October 30, 2006, while plaintiff had taken all of the required College

classes, plaintiff had still only registered to take one of three required New York State examinations and had failed that examination on two separate ocassions.   (Diaconis Decl., Ex. A at 55, 59, 61, 62).

5.      Sometime in June 2004, the District was notified by the New York State Education Department that the plaintiff's provisional teaching certification had expired as well as the certification of about sixty teachers in the District. (Diaconis Decl., Ex. B).

6.      By letter of July 8, 2004, the District informed the plaintiff of the deficiency in his certification. (Id.).

7.      In conjunction with the Newburgh Teachers Association, the District reached an agreement whereby all teachers whose provisional certifications had expired were given a period of time in which to receive permanent certifications.  (Diaconis Decl., Ex. D).

8.      By letter of August 31, 2004, the plaintiff submitted his irrevocable letter of resignation, effective July 30, 2005, if he was unable to obtain his permanent by June 20, 2005.  (Id.).

9.      Although plaintiff was placed on a leave of absence from his tenured position, he continued to be employed as a site specific substitute teacher and received contracted salary for the 2003 to 2004 school year. (Id.).

10.     This agreement was reached with all of the approximately sixty teachers who provisional certification had expired. (Id.).

11.     Plaintiff failed to obtain his permanent certification within the eleven month period granted to him. (Diaconis Decl., Ex. A. at 155).

12.     About twenty other teachers similarly failed to obtain their certification. (Diaconis Decl., Ex. E.).

13.     All of the teachers were terminated. (Id.).

14.     By Supplemental Memorandum of Agreement dated July 15, 2005 plaintiff was given until August 30, 2005 to obtain his certification.  (Diaconis Decl., Ex. G.).

15.     Plaintiff has failed to obtain his certification.  (Diaconis Decl., Ex. H.).

16.     On or about August 31, 2005, plaintiff stated to the District that he was not interested in working as a substitute teacher, which by definition means less

then 40 days per year.  (Diaconis Decl., Ex. A at 136-137).

17.    Plaintiff lodged a complaint of disability discrimination on or about September 5, 2005.  (Diaconis Decl., Ex. H).

18.    Plaintiff was not rehired as girl's softball coach on or about February 28, 2006. (Diaconis Decl., Ex. A at 116).

19.    Five of the Board members that voted in February 2006 to hire assistant coach Mike Truncale as head girls's softball coach in place of plaintiff were unaware that plaintiff had lodged a complaint of disability discrimination against the District. (Affidavits of Fucheck, Lewis, Rein, Woodhull and Bowles).

Dated:        New York, New York
              February 26, 2007

                              Respectfully submitted,

                              **RUTHERFORD & CHRISTIE, LLP**


                              By: s/John S. Diaconis
                                  John S. Diaconis (JD 4772)
                                  Attorneys for Defendant
                                  ENLARGED CITY SCHOOL DISTRICT OF
                                  NEWBURGH
                                  300 East 42nd Street, 18th Floor
                                  New York, New York 10017
                                  (212) 599-5799


TO:    LAW OFFICES OF MICHAEL H. SUSSMAN
       Attorney for Plaintiff,
       FRANK GAUDIOSO
       P.O. Box 1005
       Goshen, New York 10924
       (845) 294-3991
       Attention: Michael H. Sussman, Esq.